IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES FARROW                                                                                  PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:08cv1436-RHW

DONALD A. CABANA, *et al*.                                                      DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is the Plaintiff's civil rights complaint filed November 26, 2008, pursuant to 42 U.S.C. § 1983. On May 12, 2009, the Court conducted a hearing pursuant to 28 U.S.C. §1915A[1] to examine the allegations of Plaintiff's complaint. At the hearing, the Plaintiff and the Defendants consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all further proceedings. Docs. [20], [21]. After considering the complaint and hearing from Plaintiff, the Court is of the opinion that Plaintiff has failed to state a constitutional claim.

James Farrow was placed in the Harrison County Adult Detention Center (HCADC) on February 22, 2006 on a charge of delivery of a controlled substance. He was convicted of the crime in June 2007 and sentenced to serve five years in custody of the Mississippi Department of Corrections. In his complaint, Farrow alleges that during his incarceration in HCADC, he was not given lunch to eat on Thanksgiving Day 2006, which he states was perhaps because there

---

[1] 28 U.S.C. §1915A Screening.
   (a) Screening.
      The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

were too many trays in the bay area.² Farrow told a female sergeant, whose name he does not know, that she had to feed him, and the officer replied she did not. Farrow testified he stayed in line, got a tray himself and brought it back to his cell, but the officer followed him, and had him go back downstairs into the bay area where she struck the tray out of his hands to the floor and ordered him taken to segregation. Farrow claims this "assault" violated his constitutional rights, though he testified the only injury he sustained by the officer's striking the tray out of his hands was "just scratches." According to Farrow, the female officer had an officer named Foster³ take him to segregation, and that another unknown officer actually put him in a segregation cell which had feces and urine on the floor and walls. He stated he remained there for seven days, during which time he was not allowed to shower or clean the cell. The injury he alleges with respect to being in segregation is emotional trauma; he states it was "nerve wracking."

While HCADC was required to furnish Farrow reasonably adequate food, well balanced meals containing nutritional value to preserve health, it was not required to provide him three meals a day. *Spicer v. Collins*, 9 F.2d 673, 687 (5th Cir. 1998), *citing Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977); *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977); *Green v. Ferrell*, 801 F.2d 76i5, 770 (5th Cir. 1986). Farrow's claim for the two missed meals on November 26, 2006 fails because he has not alleged any injury resulting from the incident, nor are any facts presented to indicate that this event exposed him to a substantial risk of harm or that defendants were aware of any such potential harm.

The lack of any significant injury from having the tray knocked out of his hands also renders Farrow's "assault" claim insufficient for imposition of § 1983 liability: "...[N]ot every

---

²In later testimony, Farrow stated he missed two meals on Thanksgiving Day 2006.

³Farrow expressed no desire to sue Foster who, he states, was "just following orders."

malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9, 112 S.Ct. 995, *citing Johnson v. Glick,* 481 F.2d 1028 (2d Cir.1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")." *Spicer*, 9 F.2d at 686.

Farrow claims that poor air quality in B-Block made his nose run while he was in segregation. He claims he asked to see the nurse, but received no response to his request. When he got out of segregation, he requested to see the nurse once, and was seen by the nurse. The constitutional prohibition against cruel and unusual punishment requires that prisoners be afforded humane conditions of confinement, receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). To establish a constitutional violation due to conditions of confinement, an inmate must show (1) that prison officials deprived him of "the minimal civilized measure of life's necessities;" and (2) that the prison officials acted out of indifference to the inmate's health or safety. *Id*. Indifference requires a showing that prison officials were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn, and that the officials actually drew an inference that such potential for harm existed. In deciding the constitutionality of conditions of confinement of pretrial detainees, the Court must determine whether the conditions complained of are imposed for the purpose of punishment. *Bell v. Wolfish*, 441 U.S. 529, 538-539 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (the Fourteenth Amendment protects pretrial detainees from imposition of conditions of confinement that constitute punishment).

A constitutional claim for inadequate medical care requires facts showing (1) the Defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) that the Defendants actually drew that inference; and (3) that the Defendants'

response indicated that they intended that the harm occur. *Thompson v. Upshur County TX, et al.*, 245 F.3d 447 (5th Cir. 2001); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (plaintiff must show officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs.") Farrow has presented no facts to show his runny nose posed a substantial risk of serious harm, or that he sustained any injury from lack of medical attention for it during his week in segregation. He has presented no facts indicating the Defendants knew of and disregarded an excessive risk to his health or safety, or that they were deliberately indifferent to his serious medical needs and unnecessarily and wantonly inflicted harm on him. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Deliberate indifference cannot be inferred from a negligent, or even a grossly negligent, response to a substantial risk of serious harm. *Id.* To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident. A finding of deliberate indifference "must rest on the facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson v. Treen,* 759 F.2d at 1238. The facts Farrow alleges do not demonstrate wanton actions on the part of jail officials.

Farrow complains his life was threatened while he was in segregation, however he offered no factual information as to the source or content of any such threat, or any injury resulting therefrom. A pretrial detainee is protected by the Due Process Clause from deliberate exposure to violence and injury at the hands of other inmates. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16, 99 S.Ct. 1861, 1872 n.16, 60 L.Ed.2d 447 (1979). To prevail on a claim for failure to protect under 42 U.S.C. § 1983 requires that Farrow show he was "incarcerated under conditions posing substantial risk of serious harm and that prison officials were deliberately indifferent to his need

for protection." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994)). Farrow has provided no facts to support a claim of failure to protect.

Farrow complains that part of the time he was in general population, he had to sleep on the open floor of the bay, though he admits he had a "plastic boat" to sleep in and was provided bedding. The temporary inconvenience or discomfort of having to sleep on a mattress on the floor does not amount to a constitutional violation. *See*, *Mann v. Smith*, 796 F.2d 79, 85-86 (5th Cir. 1986)(pretrial detainees have no right to an elevated bed). The Constitution does not require that prisoners be provided a comfortable jail. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

Farrow's complaints against Warden Donald Cabana and then Sheriff George Payne are supervisory in nature – he claims they knew of overcrowding, that officers did not let inmates eat on a regular basis[4] and retaliated against inmates, and that Cabana and Payne did not properly discipline the staff. Supervisory liability under § 1983 may not be based on *respondeat superior*, but only on the supervisor's own wrongful acts or omissions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1978). It must be based on more than the right to control employees, or simple awareness of employees' misconduct. *Leary v. Daeschner*, 349 F.2d 888, 903 (6th Cir. 2003). Farrow's allegations against Cabana and Payne fail to present the requisite basis for § 1983 liability against these Defendants.

---

[4]At the hearing, Farrow testified his claim involved only the two meals he missed on November 26, 2006.

Although the Court advised Farrow during the May 2009 hearing that he needed to ascertain the names of the officers about whom he complains, that he could not just sue a "John Doe," Farrow has taken no further action to prosecute this case. He has never moved to amend his complaint to identify the officers about whom he complains for the November 26, 2006 incident.

The Court finds that Farrow has failed to state a constitutional claim with respect to all the matters of which he complains, and that this action should be dismissed with prejudice. A separate judgment shall be entered to that effect.

SO ORDERED, this the 25th day of March, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE